# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 05-4012-04-CR-C-NKL |
| GREGORY LORING FORD, | ) ) ) |
| Defendant. | ) ) |

**ORDER**

Defendant Gregory Loring Ford has provided a letter to the Court, in which he requests that the Court amend or correct the judgment and commitment in his case. That letter has been docketed as a Motion to Amend/Correct Judgment and Commitment [Doc. # 319], which the Court now considers.

Defendant argues that he was improperly denied credit for time spent in state custody before he was sentenced. He says that it was agreed at sentencing that he "would receive 120 months, with the recommendation of RDAP and 23 months of pre-trial back time." Defendant states that, at his sentencing, the Honorable Scott O. Wright granted a request for credit for time served while awaiting sentencing, but that this credit was not reflected on Defendant's Judgment and Commitment. Defendant says that the United States Bureau of Prisons, when calculating his sentence, did not give him credit for the time served in state custody.

18 U.S.C. § 3585(b) addresses Credit for Prior Custody:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

A federal defendant is not entitled to credit for time served on a state sentence while awaiting federal sentencing where that time is "credited against another sentence." *See United States v. Kramer*, 12 F.3d 130, 132 (8th Cir. 1993) (stating that federal prisoners are not entitled to credit on federal sentences where they receive credit toward state sentences for that same period) (citation omitted); *United States v. Cassano*, 166 Fed. Appx. 855, 857 (7th Cir. 2006) (finding that a defendant was not entitled to credit for time spent in federal custody following his transfer from state custody pursuant to a writ of habeas corpus ad prosequendum where the defendant did not contend that he did not receive credit on his state sentence for that time); *United States v. Rivers*, 329 F.3d 119, 120 (2d Cir. 2003).

The sentencing record demonstrates that Defendant is mistaken, in that Judge Wright did not order that Defendant be given credit for time served. As reflected in the Minutes from Defendant's sentencing hearing [Doc. # 297], the Judgment and Commitment [Doc. # 298], the Presentence Investigation Report, and the United States Probation Office's Sentencing Recommendation, Defendant was serving time on a state sentence for resisting arrest and a state parole violation when he was sentenced in this case. As the United States Probation Officer stated at Defendant's sentencing hearing [Transcript, Doc. # 323], Defendant appeared in federal court via a writ of habeas corpus ad prosequendum from the Missouri

2

Department of Corrections, where he was serving that sentence. Defendant does not contend that the time he now seeks to have credited against his federal sentence was not credited against his state sentence. Judge Wright indicated that Defendant could not receive credit toward his federal sentence for time credited against the state sentences, saying: "I'm going to run concurrent to that sentence in Boone County, but he'll get credit for the time he's been in federal custody. But I don't think they'll give him credit for any time he's been in state custody. I don't know. That's my understanding." Judge Wright reiterated, ""I can run it concurrent to any sentence he's got, but they won't give him credit for any time except what is in federal custody and whatever that is." [Transcript, Doc. # 323, at 6.] Contrary to Defendant's argument, Judge Wright did not order that Defendant be given credit for time served in state custody. He is not entitled to credit for that time. *See United States ex rel. Derengowski v. United States Attorney General*, 457 F.2d 812, 812-13 (8th Cir. 1972) (holding that a state prisoner was not entitled to credit on a federal sentence for time spent in federal custody pursuant to a writ of habeas corpus ad prosequendum).

Accordingly, it is hereby ORDERED that [Doc. # 319] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: June 7, 2010
Jefferson City, Missouri